THOMAS P. GOURLAY and WILLIAM J. KAY, as Execu-tors, etc., of THOMAS C. GOURLAY, Deceased, Appellants, *v.* ELIZA HAMILTON and Others, Respondents.

*Evidence — when a party is not interested in the event of the action within the meaning of section 829 of the Code of Civil Procedure.*

This action was brought to foreclose a mortgage, given by the defendant Hamilton to the plaintiffs' testator, against the said Hamilton who held the fee of the land, and one Cook who was in possession of a portion of the premises as her tenant. Upon the trial Cook was called by the defendant Hamilton, and allowed, against the plaintiffs' objection and exception, to testify as to per-sonal transactions and communications occurring between himself and the plaintiffs' testator. The objection was based upon the claim that Cook was interested in the event of the action, proof having been given tending to show that he had caused the title to be taken in the name of the defendant Hamilton to prevent his wife from acquiring any rights in the land. Cook had left the premises before the trial.

*Held,* that the testimony was properly admitted as he had, at the time of the trial, no such direct legal interest in the event of the action as is required by sec-tion 829 of the Code of Civil Procedure to render his testimony incompetent.

Appeal from a judgment in favor of the defendant, entered in Westchester county upon the trial of this action by the court without a jury.

The action was brought by the plaintiffs, as executors of Thomas C. Gourlay, deceased, to foreclose a mortgage given by the defend-ant Eliza Hamilton to the plaintiff's testator.

*William H. Blain,* for the appellants.

*William McKean Martine,* for the respondents.

BARNARD, P. J.:

The witness Cook, although a defendant, had no interest in the event of the action, and he did not testify in favor of a co-defendant who derived a title through him. The action was brought to foreclose a mortgage given by the defendant Hamilton to the plaintiff's testator, and Mrs. Hamilton held the fee of the land. Cook was her tenant in possession of a portion of the premises, and proof was given tending to show that Cook had said that he had caused the title to be taken in the name of Mrs. Hamilton, but that it was done to escape the rights of his wife, which would have been created therein if the deed were taken to himself. The defendant Cook had left the occupation of the premises before the trial. Cook's interest must be made out either because he was a tenant defending his own premises or that he was the equitable owner of the property.

I do not deem either position sound. Cook had left the premises at the time he was offered as a witness, and interest, in the sense conveyed by section 829 of the Code, means a direct legal interest in the judgment at the time he is sworn. This he had not at the time of the trial. When a person takes a title to evade responsibility in any way in the name of another, that other owns the title absolutely by statute if his interest is not evidenced by writing. No such writing is proved, and the presumption is in favor of the competency without proof of that fact. As the evidence stands, if credited, Cook has taken a title in Mrs. Hamilton in the expectation, without the power of enforcement, legally or equitably, that Mrs. Hamilton will hold the title for him and give it up to him when required. Such a condition of the situation would affect Cook's credibility, but would not amount to a legal interest. The judgment in favor of or against Mrs. Hamilton would not strengthen his right as against Mrs. Hamilton. A judgment against Mrs. Hamilton would render it impossible for her to give up the title to Cook if she wished to do so.

With the objection to the testimony of Cook sustained, the case is fully made out without his testimony. The witness Cohn and his clerk, Howes, both testify to the usury by the admission

of the deceased testator, and while this testimony is affected by the fact that Cohn has a similar defense to a foreclosure action, as against the plaintiffs, they both seem to be truthful witnesses. The most conclusive evidence is that of the witness Gildersleeve. He testifies that he went with the deceased to get Mrs. Hamilton to sign an affidavit that the mortgage was for $1,500 with a view of a sale of the mortgage. Mrs. Hamilton refused because she had received less than $1,300 for the $1,500. Gourlay then told this broker that her claim was true, he had "received a certain amount of money, what she claimed, two hundred dollars and some odd dollars."

The judgment should, therefore, be affirmed, with costs.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.